# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| PHYLLIS McCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-6069-CV-SJ-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g) and for supplemental security income ("SSI") benefits under Title XVI. On November 14, 2005, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act, and on November 30, 2005 she also protectively filed a Title XVI application for supplemental social security income. Plaintiff's application was denied at the initial stage of administrative review. She appealed the denial to an administrative law judge ("ALJ"). Following a hearing on December 20, 2007, and a supplemental hearing held on August 5, 2008, the ALJ rendered a written decision on August 28, 2008, which found that plaintiff was not under a disability as defined in Titles II and XVI. Plaintiff requested a review of that decision and on May 20, 2009, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit has stated the standard for judicial review of an ALJ's denial of

benefits as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

The Court has reviewed all available evidence of record. Despite its searching review, the Court cannot find substantial evidence in the record to support the Secretary's decision. The Court finds the ALJ erred in giving "little weight" to the opinion of McCoy's treating physician Dr. Dominguez, and to Plaintiff's treating rheumatologist, Dr. Katz. Similarly, the ALJ gave "little weight" to the opinions of McCoy's other medical sources that provided mental health treatment, namely Linda Meadows, M.A., and Marilyn Fitzgerald, R.N., C.S., A.P./M.H.C.N.S. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing criteria for "other" medical sources and proper analysis for treating sources under 20 C.F.R. § 404.1527(d)).

The ALJ must provide controlling weight to the opinion of a treating source provided that the opinion is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence of record. SSR 96-2p. Kelly v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998). Even if the opinion is not supported by acceptable clinical or diagnostic data, the opinion of a

treating physician must still be evaluated under the factors found in 20 C.F.R. § 404.1527(d). Here, the ALJ gave little weight to all physical and mental health medical sources that had an examining relationship with McCoy. The Court notes the opinions of Dr. Winfrey and Dr. Rubini, the medical examiners upon which the ALJ primarily relied, offer opinions that are largely consistent with the treating physicians and other medical sources.[1] Yet, in granting "little weight" to all four treating medical sources, the ALJ did not explain the inconsistencies that led her to discredit their opinions. Further, it is not clear that Dr. Winfrey possessed all treatment records of McCoy's mental health providers in forming her opinion on McCoy's mental impairments.

In addition, the Court finds the residual functional capacity is not supported by substantial medical evidence in that it fails to specifically set forth what McCoy "can still do" despite her physical and mental limitations. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003) (citing Bradshaw v. Heckler, 810 F.2d 786, 790 (8th Cir. 1987)).

Based on the foregoing, the Court **GRANTS** plaintiff's motion for summary judgment (Doc. No. 9). The Court hereby **ORDERS** that the Administrative Law Judge's decision is **REVERSED** and this case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ **/S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri    Fernando J. Gaitan Jr.
                         Chief United States District Judge

---

[1] Dr. Rubini, a medical expert that testified on plaintiff's diagnosis of fibromyalgia was granted "some, but not controlling weight[.]"

3